**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Glenn, Jr., <br>     Plaintiff, <br> v. <br> Wells Fargo Bank NA, et al., <br>     Defendants. | No. CV-19-08080-PCT-MTL <br><br> **ORDER** |

Plaintiff James Glenn, Jr. moves for a remand of this action to the Arizona Superior Court. (Doc. 8.) The motion is fully briefed. For the reasons explained below, the Court grants Mr. Glenn's motion.[1]

**I.  FACTUAL BACKGROUND**

Mr. Glenn's Amended Complaint alleges that on September 6, 2018, he was injured in the parking lot of a Wells Fargo Bank branch in Flagstaff, Arizona. Mr. Glenn, an Arizona citizen, and his son arrived at Wells Fargo in his son's vehicle. Mr. Glenn's son was driving, and Mr. Glenn was the passenger.

After his son parked, Mr. Glenn exited the vehicle and began walking toward the branch entrance when "he tripped on a piece of rebar sticking out of the parking lot asphalt." (Amended Complaint ¶ 18 (Doc. 1-3).) The rebar was intended "to hold the concrete parking space bumper in place, however, the concrete parking space bumper was

---
[1] Oral argument is unnecessary because the issues are fully briefed and oral argument would not have aided the Court's decision. *See* Fed. R. Civ. P. 78(b); LRCiv 7.2(f).

*behind* the rebar, leaving it exposed." (*Id*. ¶ 19) (emphasis in original.) Mr. Glenn alleges that he "suffered serious injuries, including a fractured right hip." (*Id.* ¶ 20.)

The Amended Complaint further alleges that, while Mr. Glenn was waiting for medical care to arrive at the scene, Mr. Glenn's son had a conversation with Roxanne Presmyk. She is the Wells Fargo branch's services manager and an Arizona citizen. Ms. Presmyk allegedly told Mr. Glenn's son that "she and other employees of the Wells Fargo branch located at the premises were aware of the exposed rebar and were aware [that] a dangerous condition existed." (*Id*. ¶ 22.) Ms. Presmyk allegedly told Mr. Glenn's son "that someone was to 'take care of' or 'fix' the concrete parking space bumper, namely, to place it back on the rebar, however, no one had done so." (*Id*. ¶ 23.)

## II. PROCEDURAL HISTORY

Mr. Glenn initiated this litigation in the Arizona Superior Court in Coconino County on February 12, 2019. He filed an Amended Complaint on March 7, 2019. The Amended Complaint names as defendants Wells Fargo Bank, CBRE, Inc., and Ms. Presmyrk.[2] The Amended Complaint asserts various state law claims for relief against the defendants, including negligence, gross negligence, premises liability, and respondeat superior.

Wells Fargo Bank filed a Notice of Removal in this Court on March 18, 2019. (Doc. 1.) The jurisdictional basis asserted in the Notice of Removal (at ¶ 9) is diversity of citizenship under 28 U.S.C. § 1332. Mr. Glenn filed a Motion to Remand (Doc. 8) on March 26, 2019, and briefing is complete.

## III. LEGAL ANALYSIS

Under Article III of the United States Constitution, this Court's exercise of judicial power is contingent upon the presence of subject-matter jurisdiction. One such form of jurisdiction is diversity of citizenship. U.S. Const. art. III § 2. Congress has established the standard for diversity of citizenship jurisdiction in 28 U.S.C. § 1332. Diversity of citizenship requires that the party seeking to invoke federal jurisdiction establish two elements: that the amount in controversy exceed $75,000 and that there be "complete

---
[2] The Amended Complaint also names Ms. Presmyrk's husband for the purposes of Arizona law's community property regime.

- 2 -

diversity" between each plaintiff and each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In litigation where a complaint is initially filed in state court, such as this one, a defendant may remove the case to federal court provided that federal subject-matter jurisdiction exists. 28 U.S.C. § 1441.

Wells Fargo's Notice of Removal acknowledges (Doc. 1 at ¶ 6) the lack of complete diversity by virtue of Ms. Presmyk's Arizona citizenship. The Notice of Removal, however, raises (at ¶ 7) the so-called fraudulent joinder doctrine, asserting that "[Ms.] Presmyk is an improper defendant and should be ignored for diversity purposes."

The fraudulent joinder doctrine holds that a federal court may disregard the citizenship status of a defendant whose inclusion in the complaint is a subterfuge for defeating complete diversity. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). When presented with a potential fraudulent joinder, a court should apply a general presumption that the non-diverse defendant was properly joined. A party seeking to overcome that presumption bears a heavy burden of proof to establish either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id*. (quoting *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)). This test is not merely an application of the standard for Rule 12(b)(6) motion to dismiss. *Id*. at 549. "A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined." *Id*.

In response to Mr. Glenn's argument concerning Ms. Presmyrk's status as a non-diverse defendant, Wells Fargo simply restates the rule. (Doc. 14.) The brief does not provide any explanation as to whether there was "actual fraud" concerning Ms. Presmyk's joinder as a defendant. Nor does the brief explain why Mr. Glenn would be unable to establish a cause of action against Ms. Presmyk in state court. The only justification in the record provided by Wells Fargo for its fraudulent joinder claim is in the Notice of Removal in which Wells Fargo asserts (at ¶ 6) that Ms. Presmyk's status as a citizen of Arizona

should be disregarded because she "is merely an employee of Wells Fargo Bank N.A. and did not 'create the condition' nor did she maintain full management and control over the subject property." This threadbare explanation falls far short of the "heavy burden" necessary to prevail on a fraudulent joinder argument.

By way of analogy, in *Grancare, LLC*, the Ninth Circuit Court of Appeals affirmed a sanctions award against a removing defendant under 28 U.S.C. § 1447(c) where the district court concluded that a non-diverse employee was properly joined in an action for negligence against a nursing home. 889 F.3d at 551. The complaint in *Grancare, LLC* alleged specific instances of conduct where the employee failed to exercise due care, giving rise to potential liability for negligence and elder abuse against that individual non-diverse defendant. *Id*.

Like the complaint that was remanded in *Grancare, LLC*, Mr. Glenn's Amended Complaint recites allegations against Ms. Presmyk that, if true, set forth a "*possibility* that a state court would find that the [Amended] [C]omplaint states a cause of action against [her]." *Id.* at 549 (quoting *Hunter*, 582 F.3d at 1046) (emphasis in original). To that end, the Amended Complaint alleges (at ¶¶ 22-23) that Ms. Presmyk had knowledge of the exposed rebar in the parking lot and that she was also aware that the condition needed repair. The Amended Complaint further alleges (at ¶ 24) that Ms. Presmyk held a management position in the branch office and had a responsibility to warn its customers of the exposed rebar. Moreover, the Amended Complaint alleges (at ¶¶ 22-23) that she failed to take measures to warn customers of the exposed rebar.

Taken together and with the other allegations therein, the Amended Complaint sets forth a theory of liability under Arizona law and against Ms. Presmyk based on her job responsibilities, her actions and omissions, and the injuries suffered by Mr. Glenn. Based on these, a court of the State of Arizona could conclude that Mr. Glenn has stated a cause of action against Ms. Presmyk.

**IV. CONCLUSION**

Wells Fargo has failed to overcome the presumption against fraudulent joinder and

it has also failed to show that Ms. Presmyk, an Arizona citizen, was joined as a defendant to defeat diversity of citizenship. This Court lacks subject matter jurisdiction and it is obligated to remand the case to the Arizona Superior Court in Coconino County.[3]

Based on the foregoing,

**IT IS ORDERED** that Mr. Glenn's Motion to Remand (Doc. 8) is **GRANTED**. This case is remanded to the Arizona Superior Court in Coconino County.

**IT IS FURTHER ORDERED** that Roxanne Presmyk's Motion to Dismiss (Doc. 24) remains pending before the Superior Court.

**IT IS FURTHER ORDERED** that Wells Fargo and Ms. Presmyk's Motion to Strike the Supplement to Motion to Remand (Doc. 45) is **DENIED** as moot because the Court did not consider the supplement.

Dated this 10th day of October, 2019.

_Michael T. Liburdi_
Michael T. Liburdi
United States District Judge

---

[3] Mr. Glenn also argues that remand is appropriate for another reason, that Wells Fargo failed to obtain consent for removal from co-defendant CBRE, Inc. as required by 28 U.S.C. § 1446(b)(2)(A). (Doc. 8 at 7.) The Court need not resolve this issue because it grants the remand motion on the independent basis that complete diversity does not exist.